1   **MELMED LAW GROUP P.C.**
    Megan E. Ross (SBN 227776)
2   megan@melmedlaw.com
    Hannah Becker (SBN 345452)
3   hb@melmedlaw.com
    1801 Century Park East, Suite 850
4   Los Angeles, California 90067
    Phone: (310) 824-3828
5   Fax: (310) 862-6851

6

7   Attorneys for Plaintiff and the Aggrieved Employees

8               UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA
9

10  GILBERT SOLORIO, an individual, on behalf        Case Number: 4:24-cv-00917-KAW
    of himself and all others similarly situated;
11                                                   **First Amended Representative Action
12          Representative,                          Complaint For:**

13          v.
                                                     **1.**     Penalties Pursuant to the Labor Code
14                                                              Private Attorneys General Act of 2004
    EMBASSY SUITES EMPLOYER LLC, a                              ("PAGA") for Violations of California
15  Delaware Limited Liability Company; and                     Labor Code Sections 201, 202, 203, 204,
16  DOES 1 TO 50,                                               210, 226, 226.3, 226.7, 256, 510, 512,
17          Defendants.                                         1174, 1185, 1194, 1194.2, 1197, 1197.1,
                                                                1198, 1198.5, 1199, 2802, 2804, and Other
18                                                              Provisions of the California Labor Code.
19

20

21

22

23

24

25

26

27

28

Plaintiff Gilbert Solorio ("Plaintiff"), on behalf of himself and the State of California, as a private attorney general, complains and alleges defendants Embassy Suites Employer LLC and Does 1 to 50 (collectively, "Defendants"), and each of them, as follows:

**I.    INTRODUCTION**

1.    This action is a representative action brought pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), codified at California Labor Code sections 2698 through 2699.6.

2.    The "PAGA Period" as used herein, is defined as the period from January 10, 2023, and continuing into the present and ongoing.

3.    This PAGA action is brought on behalf of Plaintiff, the State of California as private attorney general, and on behalf of the following aggrieved employees: *All individuals who are or were employed by Defendants as non-exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

4.    Plaintiff is informed and believes and thereon alleges that the California Industrial Welfare Commission ("IWC") Wage Orders applicable to the facts of this case are IWC Wage Orders 4-2001 and/or 5-2001 (the "Applicable Wage Orders") and possibly others that may be applicable. (Cal. Code of Regs., tit. 8, §§ 11040, 11050.) Plaintiff reserves the right to amend or modify the definition of "Applicable Wage Orders" with greater specificity or add additional IWC Wage Orders if additional applicable wage orders are discovered in litigation.

**II.   JURISDICTION & VENUE**

5.    This action was initially filed on January 10, 2024, in the Superior Court of the State of California for the County of Napa in *Solorio v. Embassy Suites Employer, LLC, et al.*, case number 24CV000046, pursuant to Article VI, section 10, of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the law of the State of California or is subject to adjudication in the courts of the State of California.

6. On February 15, 2024, Defendants' sought removal of this action by filing of a notice of removal to this court pursuant to 28 U.S.C. § 1332(a)(1).

7. This court has personal jurisdiction over Defendants because Defendants have caused injuries in the County of Napa, within the Northern District of California, and the State of California through their acts, and by their violation of the California Labor Code and California state common law. Defendants transact millions of dollars of business within the State of California. Defendants own, maintain offices, transact business, have an agent or agents within the County of Napa, and/or otherwise are found within the County of Napa, and Defendants are within the jurisdiction of this Court for purposes of service of process.

8. Venue as to Defendants is proper in this judicial district, pursuant to section 395 of the Code of Civil Procedure. Defendants operate within California and do business within Napa County, California. The unlawful acts alleged herein have a direct effect on Plaintiff and all of Defendants' employees identified above within Napa County and surrounding counties where Defendants may remotely operate.

## III. __THE PARTIES__

### A. __PLAINTIFF__

9. At all relevant times, Plaintiff, who is over the age of 18, was and currently is a citizen of California residing in the State of California. Defendants employed Plaintiff as a non-exempt hourly employee in the County of Napa.

10. Plaintiff brings this action on behalf of himself and the State of California, as a private attorney general, and on behalf of the following group of aggrieved employees: *All individuals who are or were employed by Defendants as non-exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

11. The Aggrieved Employees, at all times pertinent hereto, are or were employees of Defendants during the relevant statutory period.

### B. __DEFENDANTS__

12. Plaintiff is informed and believes and thereon alleges that Defendants were authorized to and doing business in Napa County and is and/or was the legal employer of Plaintiff and the other

Aggrieved Employees during the applicable statutory periods. Plaintiff and the other Aggrieved Employees were, and are, subject to Defendants' policies and/or practices complained of herein and have been deprived of the rights guaranteed to them by: California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 256, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others that may be applicable; California Business and Professions Code sections 17200 through 17210 ("UCL"); and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11040, 11050).

13.     Plaintiff is informed and believes, and based thereon alleges, that during the PAGA Period, Defendants did (and continue to do) business in the State of California, County of Napa.

14.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the other Aggrieved Employees to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

15.     Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and/or are the employers of Plaintiff and the other Aggrieved Employees. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, representatives, and employees of each and every one of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency, representation, and employment. Defendants, and each of them, approved of, condoned, or otherwise ratified every one of the acts or omissions complained of herein.

16.     Plaintiff is further informed, and believes, and thereon alleges, that at all times mentioned herein, that Defendants, and each of them, are the alter egos of one another and that there existed and now exists a unity of interest and ownership between them such that the individuality and

separateness of each of them has ceased. Plaintiff is further informed, and believes, and thereon alleges, that at all times mentioned herein, that Defendants, and each of them, have been and now are mere shells and naked frameworks that their principal uses for the conduct of that Defendant's own business, property, and affairs, for which Defendants, and each of them, have concealed and misrepresented their identities as the entities responsible for their ownership, management, and financial interests.

17.    Plaintiff is further informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff is informed, and believes, and thereon alleges, that all Defendants were joint employers for all purposes of Plaintiff and the other Aggrieved Employees.

## IV.    COMMON FACTS & ALLEGATIONS

18.    Plaintiff and the other Aggrieved Employees (collectively, the "Aggrieved Employees") are, and were at all relevant times, employed by the Defendants within the State of California.

19.    The Aggrieved Employees are, and were, at all relevant times, non-exempt employees for the purposes of minimum wages, overtime, rest breaks, meal periods, and the other claims alleged in this complaint.

20.    Specifically, Plaintiff was employed by Defendants within the statutory PAGA Period, working as an hourly, non-exempt employee for Defendants.

### A.    MINIMUM WAGE VIOLATIONS

21.    Labor Code section 1197 requires employees to be paid at least the minimum wage fixed by the IWC, and any payment of less than the minimum wage is unlawful. Likewise, the Applicable Wage Orders also obligate employers to pay each employee minimum wages for all hours worked. (Cal. Code of Regs., tit. 8, §§ 11040, 11050.) Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.

22.    These minimum wage standards apply to each hour that employees work. Therefore, an employer's failure to pay for any particular time worked by an employee is unlawful, even if averaging

an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

23. Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. The Aggrieved Employees were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Orders. Among other violations, the Aggrieved Employees were subject to the control of Defendants while off-the-clock and did not receive minimum wage for each hour worked.

24. Additionally, the Aggrieved Employees were not paid all wages for all hours worked due to Defendants' uniform payroll policies and practices that unfairly rounded employees' wages to the detriment of the Aggrieved Employees. This rounding policy routinely failed to capture the entirety of the hours the Aggrieved Employees worked and was structured in a way that in favored underpayment. (See *See's Candy Shops, Inc. v. Superior Court* (2012) 210 Cal.App.4th 889, 907.) As a result, the Aggrieved Employees suffered periodic shortages in the hours for which they were compensated. This uncompensated time violated California's requirement that employees be compensated for all hours worked. As a result of this practice, the Aggrieved Employees were not compensated their minimum wages for all hours worked.

25. Labor Code section 1197.1 authorizes employees who are paid less than the minimum wage fixed by an applicable state or local law, or by an order of the IWC, a civil penalty, among other damages, as follows:

    (1)     "For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid."

    (2)     "For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed." (Lab. Code, § 1197.1, subd. (a).)

26.     As set forth above, Defendants failed to fully compensate the Aggrieved Employees for all minimum wages. Accordingly, through PAGA and to the extent permitted by law, Plaintiff and the Aggrieved Employees are entitled to recover penalties pursuant to California Labor Code section 1197.1 in addition to any other applicable penalties.

**B.     OVERTIME VIOLATIONS**

27.     Labor Code section 510 requires employers to compensate employees who work more than eight hours in one workday, forty hours in a workweek, and for the first eight hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).) Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve hours in a day or more than eight hours on the seventh consecutive day of work. (Lab. Code, § 510, subd. (a).) These rules are also reflected in the Applicable Wage Orders.

28.     In accordance with Labor Code section 1194 and the Applicable Wage Orders, the Aggrieved Employees could not then agree and cannot now agree to work for a lesser wage than the amount provided by Labor Code sections 510 or the Applicable Wage Orders.

29.     Here, Defendants violated their duty to accurately and completely compensate the Aggrieved Employees for all overtime worked. The Aggrieved Employees periodically worked hours that entitled them to overtime compensation under the law but were not fully compensated for those hours.

30.     Defendants also had a policy and practice of denying the Aggrieved Employees  meal breaks, but nevertheless deducting meal break time from the Aggrieved Employees' pay. As a result, the Aggrieved Employees' on-the-clock hours were unlawfully reduced below what was actually worked and, by extension,  overtime hours were also reduced below what was actually worked. The Aggrieved Employees were thus periodically shorted the full amount of overtime pay  lawfully owed.

31.     Moreover, during the relevant statutory periods, Defendants had a policy and practice of failing to pay overtime wages at the proper rate when it actually paid overtime. Specifically, when Defendants paid overtime wages to the Aggrieved Employees, Defendants failed to include all

compensation when calculating the regular rate of pay used in overtime calculations and when paying overtime.

32.     For instance, the Aggrieved Employees would often receive, along with their hourly rates of pay for their working hours, additional renumeration and/or non-discretionary bonus pay. Defendants, however, calculated the regular rate of pay for the Aggrieved Employees without factoring into the regular rate of pay all other non-hourly pay earnings received during the pay period. As a result, the Aggrieved Employees were underpaid overtime wages when they worked in excess of eight hours in any workday and/or forty hours in a workweek when such additional forms of renumeration were earned. By its practice of periodically requiring the Aggrieved Employees to work in excess of eight hours in a workday and/or forty hours in a workweek without compensating them at the rate of one and one-half (1½) their regular rate of pay, Defendants willfully violated the provisions of Labor Code sections 510, 1194, and 1199.

33.     These actions were and are in clear violation of California's overtime laws as set forth in Labor Code sections 510, 1194, 1199, and the Applicable Wage Orders. (Cal. Code of Regs., tit. 8, §§ 11040, 11050.) As a result of Defendants' faulty policies and practices, the Aggrieved Employees were not compensated for all hours worked or paid accurate overtime compensation.

### C.     REST BREAK VIOLATIONS

34.     Pursuant to Labor Code section 226.7 and the Applicable Wage Orders, Defendants were and are required to provide the Aggrieved Employees with compensated, duty-free rest periods of not less than ten minutes for every major fraction of four hours worked. Under the Applicable Wage Orders, an employer must authorize and permit all employees to take ten minute duty free rest periods for every major fraction of four hours worked. (Cal. Code of Regs., tit. 8, §§ 11040, 11050.)

35.     Likewise, Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . ." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7 also provides that employers must pay their employees one additional hour of pay at the employee's regular rate for each workday that a "meal or rest or recovery period is not provided." (Lab. Code, § 226.7, subd. (c).) The "regular rate" for these purposes must

factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.) Thus, the Wage Orders set when and for how long the rest period must take place and the Labor Code establishes that violations of the IWC Wage Orders are unlawful and sets forth the premium pay employer must pay their employees when employers fail to provide rest periods.

36. The California Supreme Court has held that, during required rest periods, "employers must relieve their employees of all duties and relinquish any control over how employees spend their break time." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 260.) Relinquishing control over employees during rest periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Id.* at p. 275.) The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—it has violated the wage order and is liable." (*Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1033.)

37. Here, Defendants periodically did not permit the Aggrieved Employees to take compliant duty-free rest breaks, free from Defendants' control as required by Labor Code section 226.7, the Applicable Wage Orders, and applicable precedent. (See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."].) At all relevant times, the Aggrieved Employees were periodically not provided with legally-compliant and timely rest periods of at least ten minutes for each four hour work period, or major fraction thereof due to Defendants' unlawful rest period policies/practices. The Aggrieved Employees were often expected and required to continue working through rest periods to meet the expectations Defendants and finish the workday. In

some cases when the Aggrieved Employees worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period. As a result, the Aggrieved Employees were periodically unable to take compliant rest periods.

38.     In such cases where Defendants did not offer the Aggrieved Employees the opportunity to receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip those breaks." (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 410 (2015) ["If an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."]; *Brinker Rest. Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033 ["No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it."].)

39.     In addition to failing to authorize and permit compliant rest periods, the Aggrieved Employees were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code section 226.7, subdivision (c). Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

**D.     MEAL BREAK VIOLATIONS**

40.     Labor Code section 512 and the Applicable Wage Orders require employers to provide employees with a thirty-minute uninterrupted and duty-free meal period within the first five hours of work. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."]; Cal. Code of Regs., tit. 8, §§ 11040, 11050 ["No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . ."].) Additionally, an employee who works more than ten hours per day is entitled to receive a second thirty-minute uninterrupted and duty-free meal period. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."].)

41.    "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 932.) The written agreement must include a provision allowing the employee to revoke it at any time. (*Ibid.*) Generally, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") and courts have "found that the nature of the work exception applies: (1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at p. 945, internal quotation marks omitted; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 946.)

42.    Here, the Aggrieved Employees were never asked to sign any enforceable document agreeing to an on-duty meal period. Moreover, nothing in the nature of their work involved the kind of "external force" that might justify on-duty meal breaks. (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 945.) Nevertheless, Defendants periodically did not provide compliant off-duty meal periods within the first five hours of work for the Aggrieved Employees.

43.    As with rest breaks, meal breaks must be duty-free. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1035 ["The IWC's wage orders have long made a meal period's duty-free nature its defining characteristic."].) Relinquishing control over employees during meal periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Augustus v. ABM Security Services, Inc.*, *supra*, 2 Cal.5th at p. 275.) Under Labor Code section 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the Labor Code and/or applicable IWC Wage Order), "it has violated the wage order and is liable." (*Brinker Restaurant Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033.)

44.    During the applicable statutory periods here, the Aggrieved Employees were periodically denied legally-compliant and timely off-duty meal periods of at least thirty minutes due to

Defendants' unlawful meal period policy and practices. As a result of Defendants' uniform meal period policies and practices, the Aggrieved Employees were often not permitted to take compliant first meal periods before the end of the fifth hour of work. The Aggrieved Employees were also periodically not permitted to take second meal periods for shifts in excess of ten hours. Defendants thus violated Labor Code section 512 and the Applicable Wage Orders by failing to advise, authorize, or permit the Aggrieved Employees to receive thirty-minute, off-duty meal periods within the first five hours of their shifts.

45.     Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7, subdivision (c), and the Applicable Wage Orders further obligate employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. (Lab. Code, § 226.7, subd. (c); Cal. Code of Regs., tit. 8, §§ 11040, 11050 ["If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."].) The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.)

46.     Accordingly, for each day that the Aggrieved Employees did not receive compliant meal periods, they were and are entitled to receive meal period premiums pursuant to Labor Code section 226.7 and the Applicable Wage Orders. Defendants, however, failed to pay the Aggrieved Employees applicable meal period premiums for many workdays that the employees did not receive a compliant meal period. Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

**E.      UNTIMELY WAGES DURING EMPLOYMENT**

47.      Labor Code section 204 expressly requires employers who pay employees on a weekly, biweekly, or semimonthly basis to pay all wages "not more than seven calendar days following the close of the payroll period." Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of:

> "(1)      For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> "(2)      For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." (Lab. Code, § 210, subd. (a).)

48.      Notably, the penalty provided by Labor Code section 210 is "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article . . . ." (Lab. Code, § 210, subd. (a).)

49.      Due to Defendants' failure to pay the Aggrieved Employees the wages described above, along with rest and meal break premiums, Defendants failed to timely pay the Aggrieved Employees within seven calendar days following the close of payroll in accordance with Labor Code section 204 on a regular and consistent basis. (See *Parson v. Golden State FC, LLC* (N.D. Cal., May 2, 2016, No. 16-CV-00405-JST) 2016 WL 1734010, at p. *3–5, 2016 U.S. Dist. LEXIS 58299 [finding that a failure to pay rest period premiums can support claims under Labor Code sections 203 and 204].)

**F.      UNTIMELY WAGES AT SEPARATION**

50.      Labor Code section 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to thirty days. (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492.) As a result of Defendants' failure to pay the Aggrieved Employees for the wages described above, along with rest and meal break premiums, Defendants violated and continue to violate Labor Code section 203.

51.      Due to Defendants' faulty pay policies, those Aggrieved Employees whose employment with Defendants concluded were not compensated for each and every hour worked at the appropriate

rate. Defendants have failed to pay formerly-employed Aggrieved Employees whose sums were certain at the time of termination within at least seventy-two hours of their resignation and have failed to pay those sums for thirty days thereafter.

52. Under Labor Code section 256, "[t]he Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203." (Lab. Code, § 256.) This type of waiting time penalty can be recovered through PAGA because PAGA allows an employee to recover civil penalties on behalf of the state against his or her employer for Labor Code violations. (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 579 [recovery of the section 256 "civil penalty falls within the PAGA"]); *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 381; *Esparza v. KS Industries, L.P.* (2017) 13 Cal.App.5th 1228, 1242.) Defendants have failed to pay the Aggrieved Employees' worked wages that were due within at least seventy-two hours of their separation. Thus, the Aggrieved Employees were and are entitled to waiting time penalties as civil penalties under PAGA and Labor Code section 256.

**G. FAILURE TO REIMBURSE BUSINESS EXPENSES**

53. At all relevant times herein, Defendants were subject to Labor Code section 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." The purpose of this section is to "prevent employers from passing along their operating expenses onto their employees." (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 562.)

54. At all relevant times herein, Defendants were subject to Labor Code section 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

55. Thus, the Aggrieved Employees were and are entitled to reimbursement for the expenses they incurred during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway. (*Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ["The threshold question in this case

is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee."].)

56.    Here, Defendants failed to fully reimburse the Aggrieved Employees for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone and mileage they required to perform their work. Consequently, Defendants failed to comply with Labor Code section 2802.

**H.    WAGE STATEMENT VIOLATIONS**

57.    Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code sections 226, subdivisions (a)(1), (2), (5), and (9). Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1)    The gross wages earned;

(2)    The total hours worked by the employee;

(3)    The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

(4)    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5)    The net wages earned;

(6)    The inclusive dates of the period for which the employee is paid;

(7)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8)    The name and address of the legal entity that is the employer; and

(9) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

58. Due to Defendants' failure to pay the Aggrieved Employees properly as described above, the wage statements issued do not indicate the correct amount of gross wages earned, total hours worked, or the net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Thus, Defendants have violated Labor Code section 226, subdivisions (a)(1), (2), (5), and (9).

59. In addition to Labor Code section 226, subdivision (a), Defendants also knowingly and intentionally failed to provide the Aggrieved Employees with accurate itemized wage statements in violation of Labor Code section 226, subdivision (e). Defendants knew that they were not providing the Aggrieved Employees with wage statements required by California law but nevertheless failed to correct their unlawful practices and policies. (See *Garnett v. ADT LLC* (E.D. Cal. 2015) 139 F.Supp.3d 1121, 1134 [finding the defendant knowingly and intentionally violated Labor Code section 226 because the "[d]efendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement."].)

## I.   RECORDKEEPING VIOLATIONS

60. Labor Code section 226, subdivision (a), requires employers to keep an accurate record of, among other things, all hours worked by employees. Labor Code section 226.3 provides, in pertinent part, as follows:

"Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in

this section are in addition to any other penalty provided by law." (Lab. Code, § 226.3, emphasis added.)

61. Likewise, Labor Code section 1174, subdivision (d), requires every employer, including Defendants, to:

> "Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned." (Lab. Code, § 1174, subd. (d), emphasis added.)

62. As explained in detail above, Defendants failed to provide the Aggrieved Employees with accurate itemized wage statements. Defendants did so, in part, because they failed to accurately track hours worked by the Aggrieved Employees. Defendants have thus failed to keep accurate records of the "total hours worked by the employee[s]" in violation of Labor Code section 226, subdivision (a), and are therefore subject to the penalties provided by Labor Code section 226.3. These penalties are "in addition to any other penalty provided by law." (Lab. Code, § 226.3.)

63. The failure to accurately track hours worked also resulted in a failure of Defendants to keep a record of all "payroll records showing the hours worked daily by" Defendants' employees, including Plaintiff, in violation of Labor Code section 1174, subdivision (d).

## V. **EXHAUSTION OF REMEDIES**

64. Plaintiff has fully and completely exhausted administrative remedies under PAGA prior to proceeding with the PAGA claims stated in this complaint. Plaintiff filed a PAGA notice online with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by PAGA. (Lab. Code, §§ 2698–2699.6.)

65.     As required by PAGA, Plaintiff submitted the $75.00 filing fee with the LWDA by regular mail. Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), no notice was received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five calendar days of the postmark date of the PAGA notice. Plaintiff is therefore entitled to commence and proceed with a civil action pursuant to Labor Code section 2699.

## VI.     CAUSES OF ACTION

### First Cause of Action

*Penalties Pursuant to PAGA for Violations of Labor Code Sections 201, 202, 203,*

*204, 210, 226, 226.3, 226.7, 256, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1,*

*1198, 1198.5, 1199, 2802, 2804, and Other Provisions of the California Labor Code*

*(Against All Defendants)*

66.     Plaintiff realleges and incorporates by reference all previous paragraphs.

67.     Based on the above allegations incorporated by reference, Defendants violated Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 256, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others that may be applicable; and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11040, 11050), and others that may be applicable.

68.     As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code sections 2698 through 2699.6 because of Defendants' violation of Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 256, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others that may be applicable; and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11040, 11050), and others that may be applicable.

69.     Under Labor Code section 2699, subdivision (f)(2), and 2699.5, for each such violation, Plaintiff and the Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

A.     $100 for the initial violation per employee per pay period; and

B.     $200 for each subsequent violation per employee per pay period.

70.     Moreover, under Labor Code section 256, the Aggrieved Employees are entitled to penalties "in an amount not exceeding 30 days pay as waiting time under the terms of Section 203" through PAGA. (Lab. Code, §§ 256, 2699.)

71.     These penalties must be allocated seventy-five percent to the Labor and Workforce Development Agency ("LWDA") and twenty-five percent to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. (*Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773, 780–781 [citing with approval *Stoddart v. Express Services, Inc.* (E.D. Cal., Sept. 16, 2015, No. 2:12-CV-01054-KJM) 2015 WL 5522142, at \*9, for the proposition that plaintiff could pursue separate claims for penalties under Labor Code section 226, subdivision (e), and penalties for Labor Code section 226, subdivision (a), violations]; see also *Hernandez v. Towne Park, Ltd.* (C.D. Cal., June 22, 2012, No. CV 12-02972 MMM JCGX) 2012 WL 2373372, at \*17 fn. 70 [noting that federal courts applying California law have found that "PAGA penalties can be stacked, i.e., multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."], internal quotation marks omitted).

72.     In addition, to the extent permitted by law, Defendants failed to provide Plaintiff and all Aggrieved Employees with accurate itemized wage statements in compliance with Labor Code section 226, subdivision (a). Plaintiff seeks separate PAGA penalties for Defendants' violations of Labor Code section 226, subdivisions (a) and (e). (*Lopez v. Friant & Associates, LLC*, *supra*, 15 Cal.App.5th at pp. 780, 788.)

73.     For violations of Labor Code section 226, subdivision (a), Plaintiff seeks the default penalty provided by Labor Code section 226.3. Labor Code section 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the Aggrieved Employees are entitled to recover penalties for violations of Labor Code section 226.3 and

seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code section 226, subdivision (e).

74. Labor Code section 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections . . . 204 . . . shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices, Plaintiff and the Aggrieved Employees are also entitled to recover penalties under Labor Code section 210 through PAGA.

75. Labor Code section 1197.1 authorizes a civil penalty, restitution of wages, and liquidated damages, in the amount of: (1) one hundred dollars ($100) for any initial violation that is intentionally committed for each underpaid employee for each pay period for which the employee is underpaid, and (2) two hundred fifty dollars ($250) for each subsequent violation for the same specific offense for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. Accordingly, through PAGA and to the extent permitted by law, Plaintiff and the Aggrieved Employees are entitled to recover pursuant to Labor Code section 1197.1.

76. Plaintiff was compelled to retain the services of counsel to file this action to protect his interests and those of the Aggrieved Employees, and to assess and collect the wages and penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which Plaintiff is also entitled to recover under Labor Code section 2699, subdivision (g)(1).

## VII.   **PRAYER FOR RELIEF**

Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

**1.** For the claim of penalties pursuant to PAGA and other provisions of the California Labor Code, a civil penalty in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in Labor Code section 2699, subdivision (f)(2),

in the representative action brought on behalf of Plaintiff and the Aggrieved Employees pursuant the Labor Code Private Attorneys General Act of 2004, and for civil penalties available under Labor Code section 210 and Labor Code section 256;

2. Prejudgment interest on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

3. On all causes of action for which attorneys' fees may be available, for attorneys' fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section 1021.5, and others as may be applicable;

4. For an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint; and

5. For such other and further relief, this Court may deem just and proper.

Dated: July 16, 2024

**MELMED LAW GROUP P.C.**

*/s/ Megan Ross*

**MEGAN ROSS**
Attorneys for Plaintiff and the Aggrieved
Employees